UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARIA ARMENDARIZ and
LORENZO and MARIA'S 1418 KITCHEN CO.,

                                        Plaintiffs,

              - against -

HOROWITZ LAW GROUP, LLC and
STEVEN B. HOROWITZ,

                                        Defendants.
-----------------------------------------------------------------X

14 CV 4070

**OPINION & ORDER**

**LORETTA A. PRESKA, Chief U.S.D.J.**

Maria Armendariz ("Armendariz") owns Lorenzo and Maria's 148 Kitchen Co., a restaurant in New York City. (Am. Compl. ¶ 1, ECF No. 27.) Armendariz, on behalf of herself and her restaurant (collectively, "Plaintiffs"), has brought a legal malpractice claim against the Horowitz Law Group, LLC and Steven Horowitz (collectively, "Defendants"), alleging that Defendants negligently represented Plaintiffs in an employment discrimination case (the "Underlying Action"). (Id. ¶¶ 2-3.) Defendants move to dismiss Plaintiffs' Amended Complaint.

## I.    BACKGROUND

### A.  Underlying Action

On March 8, 2013, two of Plaintiffs' former employees commenced the Underlying Action against Plaintiffs in the United States District Court for the Southern District of New York. (Pls.' Opp'n to Defs.' Mot. to Dismiss the Am. Compl. ("Pls.' Opp'n II") at 1, ECF No. 35.) The former employees alleged that they suffered employment discrimination and sexual harassment, and sought wages for overtime work. (Id.) On June 1, 2013, Plaintiffs retained Defendants as counsel. (Am. Compl. ¶ 9.) Following negotiations, Defendants drafted a

settlement agreement, signed by Plaintiffs and their former employees on February 28, 2014. (Pls.' Opp'n II at 2.)  On April 1, 2014, the Court entered a Stipulation of Dismissal for the Underlying Action.  (<u>Id.</u>)

### B.  Original Complaint

On May 5, 2014, Plaintiffs commenced the instant action for legal malpractice in New York State Supreme Court, New York County.  (Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Am. Compl. ("Defs.' Mot. II") at 2, ECF No. 31.)  In their Original Complaint, Plaintiffs alleged that Defendants presented incorrect financial, employment, and wage records to Plaintiffs' former employees in the Underlying Action, and that Defendants relied on this improper documentation during the negotiation and drafting stages of the settlement agreement. (Compl. ¶ 12, ECF No. 1.)  Plaintiffs also alleged that Defendants failed to negotiate a provision that would remove negative information about Plaintiffs from the internet.  (<u>Id.</u> ¶ 14.)  Plaintiffs claimed that as a result of Defendants' inadequate representation, Plaintiffs ultimately paid a settlement amount thirty percent higher than if Defendants had relied on correct documentation. (<u>Id.</u> ¶ 15.)

On June 5, 2014, Defendants removed to the United States District Court for the Southern District of New York.  (Defs.' Notice of Removal ¶ 6, ECF No. 1.)  On June 17, 2014, pursuant to Fed. R. Civ. P. 12(b)(6), Defendants moved to dismiss Plaintiffs' Complaint for failure to state a claim.  (Defs.' Mot. II at 2.)  On July 1, 2014, Plaintiffs opposed the motion and cross-moved for leave to amend.  (<u>Id.</u>)  Plaintiffs also moved to seal the settlement agreement in the Underlying Action.  (<u>Id.</u>)  Defendants replied to Plaintiffs' opposition on July 7, 2014, but did not oppose Plaintiffs' motion to seal.  (Defs.' Reply in Supp. of Defs.' Mot. to Dismiss the Compl. ("Defs.' Reply I") at 1, ECF No. 21.)

On November 13, 2014, following oral argument, the Court denied Defendants' motion to dismiss and granted Plaintiffs' motions for leave to amend and to seal the settlement agreement in the Underlying Action. (Tr. of Nov. 13, 2014 Hr'g ("Tr. 11/13/2014") at 12.)

### C. Amended Complaint

On December 5, 2014, Plaintiffs filed an Amended Complaint. (Am. Compl. ¶ 1.) The Amended Complaint elaborates on the allegations in the original Complaint, accusing Defendants of failing to "review the employment records and wage records"; serve interrogatories, conduct depositions, or interview witnesses; examine financial records; and recognize that Plaintiffs' loans to their former employees could have offset the final settlement sum. (Id. ¶¶ 13-14, 19.)  Plaintiffs seek damages in excess of $300,000. (Id. ¶ 32.)

On December 11, 2014, Defendants moved to dismiss the Amended Complaint for failure to state a claim, repeating many of the allegations in their first motion to dismiss. (Defs.' Mot. II at 1.)  Plaintiffs opposed on January 5, 2015, (Pls.' Opp'n II at 1), and Defendants replied on January 7, 2015, (Defs.' Reply in Supp. of Defs.' Mot. to Dismiss the Am. Compl. ("Defs.' Reply II") at 1, ECF No. 37).

## II.   DISCUSSION

### A. Legal Standard

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The complaint must plead facts that demonstrate "more than a sheer possibility that a defendant has acted unlawfully."  Id.  When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must "draw[] all reasonable inferences in the plaintiff's favor," Chambers v. Time Warner, 282 F.3d 147, 152 (2d

Cir. 2002), but it need not accept as true "[l]egal conclusion, deductions or opinions couched as factual allegations." In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).

To successfully plead a claim for legal malpractice under New York law, a plaintiff must allege that the attorney-defendant (1) "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession"; (2) that "the attorney's breach of this duty proximately caused" the harm alleged; and (3) that the plaintiff "sustain[ed] actual and ascertainable damages." Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer, 8 N.Y.3d 438, 442 (N.Y. 2007) (internal quotation marks omitted). "A claim for legal malpractice is viable, despite settlement of the underlying action, if it is alleged that settlement of the action was effectively compelled by the mistakes of counsel." Bernstein v. Oppenheim & Co., 554 N.Y.S.2d 487, 489 (1st Dep't 1990).

## B. Defendants' Motion to Dismiss the Amended Complaint

Defendants argue that Plaintiffs failed to plead that Defendants negligently represented Plaintiffs and that Defendants' actions were the proximate cause of Plaintiffs' damages. (Defs.' Mot. II at 5-7.) Defendants also argue that their alleged mistakes did not effectively compel Plaintiffs to enter into settlement and, therefore, that Plaintiffs' malpractice claim should be barred. (Id.) The following will discuss each of Defendants' arguments in turn.

First, Defendants argue that the Amended Complaint "does not set forth any factual allegations as to specifically what negligent acts where [sic] performed by defendants, other than mere conclusions." (Defs.' Mot. II at 6.) "In order to establish negligence in a legal malpractice case, a plaintiff must allege that the attorney's conduct fell below the ordinary and reasonable skill and knowledge commonly possessed by a member of the profession." Kirk v. Heppt, 532 F. Supp. 2d 586, 592 (S.D.N.Y. 2008) (internal quotation marks and citation omitted). Courts have

found that an attorney's failure to investigate a client's claims or essential documentation may fall below the standards of ordinary and reasonable skill.  See, e.g., id. (explaining that "[defendant's] failure to thoroughly investigate [the plaintiff's] ERISA plan . . . prior to filing suit may constitute negligence" but dismissing the plaintiff's complaint on other grounds); Angeles v. Aronsky, 974 N.Y.S.2d 329, 331 (1st Dep't 2013) (denying summary judgment because "defendant's statement that he never conducted any investigation, except for speaking to plaintiff for a very limited time," raised a question of fact that defendant was negligent.).

In the Amended Complaint, Plaintiffs allege that Defendants failed to properly investigate the facts of the Underlying Action.  (Am. Compl. ¶¶ 13, 18-19.)  Plaintiffs claim that Defendants failed to review the employment and wage records, failed to conduct proper discovery, and "refused to consider factual information and accounting information and analysis" provided by Plaintiffs' accountant.  (Id.)  Defendants allegedly provided "incorrect and improper employment records and wage records" to opposing counsel and relied on such documentation during settlement negotiations.  (Id. ¶ 13.)  Construing these factual inferences in Plaintiffs' favor, the Court finds that Plaintiffs have adequately pleaded negligence.

Second, Defendants argue that Plaintiffs fail to allege that Defendants' negligence was the proximate cause of Plaintiffs' damages.  (Defs.' Mot. II at 6-7.)  Plaintiffs argue that, had it not been for Defendants' negligent acts, Plaintiffs would have paid a smaller settlement.  (Am. Compl. ¶ 32.)  Plaintiffs claim that Defendants' misconduct caused damages in excess of $300,000.  (Id.)

At the pleading stage, the plaintiff "need only allege, not prove, the proximate cause element of the legal malpractice claim."  Even St. Prods., Ltd. v. Shkat Arrow Hafer & Weber, LLP, 643 F. Supp. 2d 317, 322 (S.D.N.Y. 2008) (internal citation omitted).  "The test is whether

a proper defense would have altered the result of a prior action." <u>Carmel v. Lunney</u>, 70 N.Y.2d 169, 173 (N.Y. 1987).

Here, Plaintiffs allege that Defendants negotiated a stipulation based on "improper employment and wage records" causing the settlement agreement to exceed the amount that Plaintiffs should have paid. (Am. Compl. ¶¶ 13, 32.)  Plaintiffs further allege that Defendants' failure to investigate and review important documentation precluded Plaintiffs from offsetting the settlement sum with money that Plaintiffs had previously loaned to their former employees. (<u>Id.</u> ¶¶ 13-14.)  Construing all factual inferences in Plaintiffs' favor, the Court finds that Plaintiffs have adequately pleaded that Defendants' alleged negligence was the proximate cause of Plaintiffs' alleged damages.

Third, Defendants argue that settlement of the Underlying Action bars Plaintiffs' malpractice claim because settlement was not compelled by Defendants' negligence. (Defs.' Mot. II at 7.)  Defendants maintain that Plaintiffs' allegation "only set forth, through sheer speculation, that a different handling of the case would have resulted more favorably to plaintiffs, rather than the settlement that was actually made." (Defs.' Reply II at 5.)

"A claim for legal malpractice is viable, despite settlement of the underlying action, if [plaintiffs allege] that settlement of the action was effectively compelled by the mistakes of counsel." <u>Bernstein v. Oppenheim & Co.</u>, 554 N.Y.S.2d 487, 489 (1st Dep't 1990).  Courts have found settlement to be effectively compelled when plaintiffs entered into less favorable settlement agreements due to their attorney's negligence.  In <u>Tokio Marine & Nichido Fire Ins. Co. v. Calabrese</u>, for example, Judge Seybert noted that settlement did not bar plaintiff's malpractice claim because defendant's negligence, leading to preclusion of an expert witness's testimony, likely caused plaintiff to accept a less favorable settlement.  No. 07-CV-2514, 2013

WL 752259, at *17 n.23 (The witness's preclusion "effectively compelled [plaintiff] to settle for that full amount-as opposed to a fraction thereof which was previously offered.").  See also Bernstein, 554 N.Y.S.2d at 489 (noting that settlement did not bar plaintiff's claim because "the complaint allege[d] that the need for the settlement would not have arisen had [defendant] not wrongfully advised plaintiff to commence the lawsuit in the first place.").  However, plaintiffs must still plausibly allege that "a different handling of the case" would have resulted in a more favorable settlement.  Becker v. Julien, Blitz & Schlesinger, P. C., 411 N.Y.S.2d 17 (1st Dep't 1978).

Here, the Amended Complaint alleges that Defendants' misconduct resulted in a less favorable settlement agreement.  Plaintiffs allege that if Defendants had not "present[ed] incorrect and improper employment . . . and wage records" during negotiations and had not failed to use money loaned by Plaintiffs "as set-offs in negotiating a settlement," Plaintiffs "would have paid settlement sums of thirty percent of the amount paid."  (Am. Compl. ¶¶ 13, 14, 28.)  The pleadings state a plausible claim that Defendants' misconduct effectively compelled a less favorable settlement.

## III.    CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss Plaintiffs' Amended Complaint [dkt. no. 28] is DENIED.

Counsel shall confer and submit a proposed discovery plan no later than May 6, 2015 and shall appear for a conference on May 13, 2015 at 9:00 a.m. in Courtroom 12A.

SO ORDERED

Dated: April 14, 2015

_Loretta A. Preska_
Loretta A. Preska
Chief U.S.D.J.